## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PATRICIA HARTER,**

   **Plaintiff,**

**v.**

**GOLD'S GYM INTERNATIONAL INC.,**

   **Defendant.**                    **No. 15-cv-896-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

## I.   INTRODUCTION

The issue before the Court is to determine whether jurisdiction under 28 U.S.C. § 1332 exists over the case at bar, as the Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings").  As the Court distinguishes this case from those cases cited by defendant and recognizes that the amount in controversy requirement is not satisfied, it must **REMAND** this matter to the Twentieth Judicial District of St. Clair County, Illinois.

## II.   <u>BACKGROUND</u>

On August 13, 2015, defendant removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332 to this Court from St. Clair County, Illinois (Doc. 1). This is a personal injury action resulting from Plaintiff Patricia Harter's fall at a pool owned, operated, maintained, and controlled by Defendant Gold's Gym International Inc., (hereinafter "Gold's") located in O'Fallon, Illinois.[1] (Doc. 1-2 ¶ 2) There is no question that the parties to this action are diverse—Plaintiff Harter is a citizen of Illinois and Defendant Gold's is a Delaware corporation with its principal place of business in Texas (Doc. 1, ¶ 2(b)). However, the Court ordered defendant to brief the subject matter jurisdiction supporting removal of this cause of action on August 18, 2015, as defendant failed to properly allege that the amount in controversy exceeds $75,000 (Doc. 9). Therefore, defendants filed a jurisdictional memorandum in support of removal on August 21, 2015 (Doc. 10).

Although defendants' brief provides slightly more information than its initial notice of removal, for reasons cited herein, defendants' jurisdictional memorandum is still insufficient to demonstrate that the amount in controversy exceeds $75,000 affording this Court proper subject matter jurisdiction.

## III.   <u>LAW AND APPLICATION</u>

### A. Law

---

[1] In its notice of removal, defendant alleges that Gold's Gym International Inc., is the incorrect name for the defendant. Instead, the notice states that defendant should in fact be listed as Gold's St. Louis, LLC.

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

It is the duty of the district court to ascertain whether the amount in controversy meets the jurisdictional amount. *Batts Rest., Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969), *abrogation on other grounds recognized by Hart v. Schering-Plough Corp.,* 253 F.3d 272, 274 (7th Cir. 2001). In determining whether the jurisdictional threshold amount has been met, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." *Uhl v. Thoroughbred*

*Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).  The court must conduct this assessment according to the facts available on the day federal jurisdiction was invoked.  *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 510-11 (7th Cir. 2006).  When the court questions the jurisdictional amount on its own initiative, it must appear to a legal certainty that the sum is for less than the jurisdictional amount.  *Batts Rest.,* 406 F.2d at 120 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."  *St. Paul Mercury,* 303 U.S. at 289.

### B.  Analysis

The question in this case is whether the amount in controversy exceeds $75,000 exclusive of costs and interest to afford this Court jurisdiction over this matter.  To determine the amount in controversy, the Court looks to the face of plaintiff's complaint, where the plaintiff indicates the claim value in the request for relief.  *Chase,* 110 F.3d at 427. Plaintiff's state court complaint seeks a judgment "for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of this suit" for permanent injuries sustained to her left ankle (Doc 1-2). On its face, this claim value does not exceed the $75,000 threshold to afford this Court

subject matter jurisdiction. Additionally, defendant's notice of removal is insufficient to establish the requisite amount in controversy by providing evidence in support. In the notice of removal, defendant simply restated that plaintiff's complaint sought damages in excess of $50,000 for her injury. The Court subsequently directed defendant to file a jurisdictional memorandum to allow defendant an opportunity to properly allege that the amount in controversy exceeds $75,000. See e.g., *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)("A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when… the court questions the defendant's allegation.").

In the jurisdictional memorandum, defendant argues that the amount in controversy requirement is satisfied because plaintiff's permanent ankle injury, as described in the state court complaint, in conjunction with the need for future medical care, makes it likely that plaintiff's complaint could reasonable exceed $75,000. Defendant argues that Seventh Circuit law supports such a finding, citing specifically to *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510 (7th Cir. 2006) and *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 426 (7th Cir. 1997) in support of that premise.

Although in *Andrews* the notice of removal makes reference to the *ad damnum clause* seeking "in excess of $50,000" and plaintiff's allegation of "severe and permanent" injuries, the injuries alleged in the complaint were to the

plaintiff's head, ribs and back resulting claims to cover medical and rehabilitation expenses, in addition to past and future lost wages and pain and suffering. *Andrews*, 447 F.3d at 515. But more importantly *Andrews* referred to a discussion between the parties' attorneys that led defense counsel to believe that plaintiff's medical and rehabilitation expenses alone would exceed $75,000. Said discussion was even referenced in the notice of removal in support of removal and the amount in controversy requirement. *Id.*

Likewise in *Chase*, the notice of removal at issue was actually the second notice of removal filed in the case following plaintiff's voluntary dismissal. In fact, the plaintiff filed two indistinguishable complaints seeking identical relief. *Chase,* 110 F.3d at 429. The defendant provided evidence in pursuit of its burden to prove the amount in controversy that the plaintiff had previously made a settlement demand of $120,000 and had refused to respond to defendant's request to admit the case's worth was less than the jurisdictional amount *Id*. at 426. This occurred at a time when the amount in controversy requirement was $50,000, not the $75,000 threshold requirement used today. Furthermore, the plaintiff alleged serious injuries including "extensive and disabling internal and external head injuries, past and future pain and suffering and mental anguish," that would also result in loss of her future earning potential. *Id*. at 426.

In the case at bar, Plaintiff Harter alleges in her complaint that she "suffer[ed] permanent injuries to her left ankle," and "has in the past and will in the future become liable for large sums of money for hospital and medical

treatment" to treat said injuries. As a result, plaintiff's counsel seeks damages in excess of $50,000. However, such general allegations do not facially constitute a dollar amount exceeding the $75,000 threshold, despite description of plaintiff's injuries being "permanent". The ankle injury alleged is distinguishable from those described in *Andrews* where plaintiff sustained injuries to his head, ribs and back and his attorney, while in discussions with defendant's counsel, alluded to the fact the medical and rehabilitation expenses would exceed $75,000 without even looking to the other claims.  No such evidence was referenced in this case.

The same can be said for the *Chase* case, where the plaintiff "alleged a long list of injuries including extensive and disabling internal and external head injuries, past and future pain and suffering and mental anguish, disability, lost wages, and impairment of future earning capacity," to elaborate on the large sums of money required to compensate for plaintiff's losses.  *Chase*, 110 F.3d at 426.

Unlike the cases relied on by defendant, plaintiff's state court complaint and the notice of removal provides nothing more than the bare facts surrounding the demand for "large sums of money for hospital and medical treatment" in excess of $50,000. (Doc. 1-2).  This is an ankle injury. Plaintiff seeks relief for the "large sums of money" for treatment, but there is nothing to demonstrate what is meant by large sums of money in the pleadings at the time of removal. To some, ten thousand dollars may constitute a "large sums of money," but the number falls far short of the amount in controversy.  There is no reference to any evidence that suggests why this ankle injury is worth more than $75,000.

Therefore, despite Defendant Gold's allegations in the memorandum, the amount in controversy requirement is not supported by a preponderance of the evidence. *Meridian Sec. Ins. Co.*, 441 F.3d at 543. Without supporting evidence to establish by a preponderance of the evidence that this ankle injury is worth more than $75,000, the Court cannot conclude to a "reasonable probability" that jurisdiction exists. *Chase,* 110 F.3d at 427. Accordingly, the Court finds defendant has failed to carry its burden of establishing diversity jurisdiction, due to an inadequate allegation of amount in controversy. In light of the fact that defendant was given an opportunity to supply this Court's subject matter jurisdiction, but failed to satisfy its burden of establishing diversity jurisdiction, this case will be remanded forthwith.

## IV.   CONCLUSION

For the reasons discussed herein, the Court is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** this case, back to the Twentieth Judicial District of St. Clair County, Illinois as it does not have proper subject matter jurisdiction over this case.

**IT IS SO ORDERED.**

Signed this 16th day of September, 2015.

Digitally signed by
David R. Herndon
Date: 2015.09.16
13:27:03 -05'00'

**United States District Judge**